1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   JOSE D. SUSANA,                    Case No. CV 21-08666 GW (RAO)

12                   Petitioner,

13        v.                            ORDER DISMISSING PETITION
                                        FOR WRIT OF HABEAS CORPUS
                                        AND DENYING CERTIFICATE
14   DHS ICE, et al.,                   OF APPEALABILITY

15                   Respondents.

16

17

18            I.       **INTRODUCTION**

19        On October 29, 2021, Petitioner Jose D. Susana ("Petitioner"), a detainee at

20   the Caroline Detention Facility in Bowling Green, Virginia, and who is proceeding

21   *pro se*,[1] filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

22   § 2241 ("Petition").  Dkt. No. 1.  It appears that Petitioner is challenging his detention

23   on the grounds that he has been indefinitely detained without due process and thereby

24   subjected to unlawful conditions that are tantamount to torture.  (Petition at 1-13.)

25

26

27   ───────────────

28   [1] An individual named Pharaoh Momolu V.S. Sirleaf I represents, however, that he
     is acting as "next friend" on behalf of Petitioner.  (Petition at 1.)

On April 8, 2022, the Court issued an order raising concerns about whether the Petition had been properly filed on Petitioner's behalf by a "next friend." (*See* Dkt. No. 3 at 2.)  The April 8, 2022 Order also stated that the Court was no longer able to determine Petitioner's current location of detention, if any, from a search of U.S. Immigration and Customs Enforcement Detainee Locator.  *Id*.  The Court directed Petitioner to respond to the Court's order and to indicate his current location and whether Petitioner himself is bringing this habeas action.  Petitioner did not respond to the Court's order.

On June 6, 2022, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute and comply with court orders. (Dkt. No. 4.)  Petitioner did not respond to the order to show cause.

Given the foregoing and for the reasons below, the Court dismisses the Petition without prejudice.

## II.   <u>DISCUSSION</u>

Federal Rule of Civil Procedure 41(b) grants district courts *sua sponte* authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992).  "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks omitted).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants/respondents;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

1  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

2       Here, the first factor (the public's interest in expeditious resolution of

3  litigation) and second factor (the Court's need to manage its docket) strongly favor

4  dismissal.  The Court advised Petitioner that failure to respond to the Court's order

5  to show cause would result in dismissal of the action.  Petitioner's "noncompliance

6  has caused [this] action to come to a complete halt, thereby allowing [him] to control

7  the pace of the docket rather than the Court."  *Yourish v. Cal. Amplifier*, 191 F.3d

8  983, 990 (9th Cir. 1999) (internal quotations marks omitted).  His inaction frustrates

9  the public's interest in the expeditious resolution of litigation and the Court's need to

10  manage its docket.

11       The third factor (the risk of prejudice) requires a showing that the Petitioner's

12  actions impaired Respondent's ability to proceed with litigation or threatened to

13  interfere with the rightful decision of the case.  *See Pagtalunan*, 291 F.3d at 642.

14  "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are

15  realities of the system that have to be accepted, provided the prejudice is not

16  compounded by 'unreasonable' delays."  *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.

17  1984).  The Ninth Circuit has stated that "the failure to prosecute diligently is

18  sufficient by itself to justify a dismissal, even in the absence of a showing of actual

19  prejudice to the defendant from the failure."  *Anderson v. Air W., Inc.*, 542 F.2d 522,

20  524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994)

21  (quoting *Anderson*).  Here, Petitioner's failure to respond to the Court's orders

22  indicates a loss of Petitioner's interest in the matter.  The Court finds that the third

23  factor weighs in favor of dismissal.

24       The fourth factor (the availability of less drastic alternatives) also supports

25  dismissal.  The Court has provided Petitioner sufficient time to respond to the Court's

26  orders, including the order to show cause.  The Court cautioned Petitioner that a

27  failure to respond to the order to show cause would result in dismissal, *see* Dkt. No.

28  4, yet he has failed to respond and has not complied with the Court's orders.  The

1  Court deems it imprudent to wait any longer for Petitioner to exhibit an interest in
2  prosecuting this matter with the requisite amount of diligence.  *Henderson v. Duncan*,
3  779 F.2d 1421, 1424 (9th Cir. 1986) (a district court "need not exhaust every sanction
4  short of dismissal before . . . dismissing a case").   The Court also notes that it is
5  dismissing this action *without prejudice*, a significantly lesser sanction than dismissal
6  with prejudice.

7      The fifth factor (the public policy favoring disposition on the merits) weighs
8  against dismissal, as it almost inevitably will when an action is dismissed without
9  reaching the merits.  *Pagtalunan*, 291 F.3d at 643.

10     In sum, four of the five factors favor dismissal.  Accordingly, dismissal of this
11  action without prejudice is appropriate.

12              **III.   DENIAL OF CERTIFICATE OF APPEALABILITY**

13     When the Court dismisses a petition on procedural grounds, it must issue a
14  certificate of appealability if the petitioner shows: (1) "that jurists of reason would
15  find it debatable whether the petition states a valid claim of the denial of a
16  constitutional right"; and (2) "that jurists of reason would find it debatable whether
17  the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S.
18  473, 478 (2000); *see also* 28 U.S.C. § 2253(c).

19     Here, the Court is dismissing the instant Petition without prejudice for failure
20  to prosecute and follow court orders.  The Court finds that Petitioner cannot make
21  the requisite showing that jurists of reason would find it debatable whether the district
22  court was correct in its procedural ruling.

23  ///
24  ///
25  ///
26  ///
27  ///
28

4

# IV.    ORDER

Based on the foregoing, IT IS ORDERED THAT:

1.  The Petition is DISMISSED without prejudice; and

2.  A Certificate of Appealability is DENIED.

DATED: July 28, 2022

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE